IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| DAVID CRAFT, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> M1 SUPPORT SERVICES ) <br> L.P., ) <br> ) <br> Defendant. ) | CIVIL ACTION NO.: <br><br> 1:25-cv-763 |

# COMPLAINT

## I.　INTRODUCTION

1. Plaintiff David Craft alleges respectfully in violation of Title VII of the Civil rights Act of 1964, 42 U.S.C. § 2000e et seq., as amended ("Title VII"), the Age Discrimination in Employment Act 29 U.S.C. § 621 et seq., ("ADEA"), Defendant discriminated against him based on his race or his age. Craft contends he is entitled to equitable relief and compensatory, liquidated, and punitive damages as well as attorneys' fees and costs.

## II.　JURISDICTION AND VENUE

2. This Court has subject-matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1343 because this case arises under federal statutes prohibiting employment discrimination.

3. Venue is proper in this District under 28 U.S.C. § 1391(b), because the unlawful employment practices alleged herein occurred in this District.

### III. ADMINISTRATIVE EXHAUSTION

4. Craft filed a timely Charge of Discrimination with the Equal Employment Opportunity Commission. The EEOC issued a Notice of Right to Sue, and this action is filed within ninety days of receipt.

### IV. PARTIES

5. Plaintiff David Craft (hereafter "Craft" or "Plaintiff") is a White Caucasian male, age sixty-two at the time of his termination. He is a resident of Opp, Alabama.

6. Defendant M1 Support Services L.P., (hereafter "M1" or "Defendant") is a business operating in Alabama. M1 employs well over fifteen employees, and is an "employer" as defined by Title VII and the ADEA.

### V. FACTUAL ALLEGATIONS

7. Craft served honorably in the military and is a highly experienced maintenance supervisor.

8. He brought decades of aviation and supervisory experience to his role at M1.

9. M1 hired Craft as a Maintenance Supervisor on or around March 4, 2023.

10. Craft consistently performed his job duties well, and was among the most experienced supervisors on site.

11. M1 subjected Craft to repeated age-based comments, including supervisors and managers calling him "old man" and mocking him with remarks such as asking whether computers even existed when he was younger.

12. Such frequent and belittling comments were, at times, made by Craft's immediate supervisor.

13. Craft also experienced race-based bias, including one occasion where his supervisor commented that it was "unbelievable" that a young Black woman brought Craft coffee.

14. Co-workers informed Craft that management was "looking for reasons" to terminate him, and that it was surprising a white man of his age held his position, as M1 typically preferred younger, non-White employees for such supervisory roles.

15. M1 terminated Craft's employment on or about July 26, 2024.

16. M1 gave false and/or pretextual reasons for Craft's termination. These reasons were minor, trivial, and inconsistent with how other employees were treated.

17. Defendant cited timecard mistakes as a reason for termination. Timecard errors, however, were common among supervisors, rarely led to discipline, and in Craft's case were corrected before any paycheck was issued.

18. The termination letter itself identified a timecard entry for an employee

as the reason for discharge. This was a minor clerical error that was corrected before payroll was finalized. The affected employee received the proper pay, and such an error was not a terminable offense per the Defendant's typical practices.

19. Craft's diligence with timekeeping was recognized by his peers. Lead Technician Gerrold Whitehurst stated he could not believe Craft was terminated over a corrected timecard issue, noting that Craft was one of the only supervisors who consistently completed temporary timecards accurately, while most others required rework.

20. Similarly, Connie Gillie confirmed that she had never worked with a supervisor as diligent as Craft in learning the company's timekeeping system.

21. Defendant's reliance on these trivial or corrected issues, while ignoring Craft's diligence and treating him more harshly than his peers, demonstrates that its stated reasons are pretext for discrimination.

22. As a result of M1's conduct, Craft has suffered and continues to suffer lost wages, benefits, and other damages.

## VI.   CAUSES OF ACTION

**COUNT I – RACE DISCRIMINATION IN VIOLATION OF TITLE VII**

23. Craft incorporates by reference the foregoing paragraphs.

24. Title VII prohibits employers from discharging or otherwise discriminating against an employee because of that employee's race.

25. Craft is Caucasian, and thus a member of a protected class.

26. Craft was well qualified for the Maintenance Supervisor position. His held a vast amount of experience and was considered diligent by both subordinates and peers.

27. M1 discriminated against Plaintiff due to his Caucasian race when it subjected him to derogatory comments and held him to a less favorable standard of employment as compared to his non-White counterparts.

28. M1's conduct was intentional and in reckless disregard of Craft's federally protected rights.

29. As a direct and proximate result of M1's conduct, Craft suffered lost wages, lost benefits, emotional distress, humiliation, and other compensable injuries.

**COUNT II – AGE DISCRIMINATION IN VIOLATION OF THE ADEA**

30. Plaintiff incorporates by reference paragraphs 2-22 above as if fully set forth herein.

31. This count is pled in the alternative to Count I

32. At all times relevant to this action, Craft was over 40 years of age and thus protected by the ADEA.

33. The ADEA prohibits employers from discriminating against individuals age 40 and older with respect to the terms and conditions of employment.

34. Craft was well qualified for the Maintenance Supervisor position. His

held a vast amount of experience and was considered diligent by both subordinates and peers.

35. M1 subjected Craft to repeated derogatory comments about his age, and Craft's co-workers told him M1 favored younger employees in his position.

36. M1's stated reasons for Craft's termination were trivial, exaggerated, or pretextual.

37. M1 treated younger employees more favorably under similar circumstances, overlooking the same or similar issues while seizing on Craft's as a basis for termination.

38. Craft's age was the but-for cause of his termination. Absent M1's discriminatory motive, Craft would not have been terminated.

39. As a direct and proximate result of M1's conduct, Craft suffered lost wages, lost benefits, emotional distress, and other damages.

40. M1's conduct was willful and in reckless disregard of Craft's federally protected rights, entitling him to liquidated damages.

## VII. PRAYER FOR RELIEF

Wherefore, Craft respectfully requests that this Court:

    a. Enter judgment in his favor, against M1;
    b. Declare that M1's conduct violated Title VII and the ADEA;
    c. Order M1 to reinstate Craft or award front pay;

d. Award Craft back pay, lost benefits, and all other compensation lost due to M1's conduct;

e. Award compensatory and punitive damages under Title VII

f. Award liquidated damages under the ADEA;

g. Award reasonable attorney's fees, costs, and expenses; and

h. Grant other and further relief as the Court deems just and proper.

## JURY DEMAND

Craft demands a trial by jury on all issues so triable.

Respectfully submitted,

/s/ Eric C. Sheffer

Eric C. Sheffer
**Counsel for Plaintiff**

**OF COUNSEL:**
**WIGGINS, CHILDS, PANTAZIS,**
**FISHER & GOLDFARB, LLC**
301 19th Street North
Birmingham, AL 35203
Telephone: (205) 314-0500
Facsimile: (205) 254-1500
E-mail: esheffer@wigginschilds.com